GILBERT L. GRANGER & others *vs.* AUSTIN W. KELLOGG.

A person having a mortgage or lien on personal property cannot, after its attachment by a creditor of the mortgagor, sell part of the property, and apply the proceeds towards the satisfaction of the mortgage or lien, and then demand of the attaching officer paymen of the balance.

TRESPASS against a deputy sheriff for taking and carrying away a quantity of hay. The case was referred by rule of court to referees, who made an award in favor of the plaintiffs, but reported the facts of the case to the court, submitting the questions of law arising thereon, and asking to have the award recommitted, in case the court should be of opinion that the plaintiffs were not entitled to recover. From this report it appeared, that Benjamin Coles mortgaged the crop of grass growing on his farm in Great Barrington to the plaintiffs, who, with his consent, cut it and stored the hay in a barn on the farm, where it was attached by the defendant on a writ against Coles, that the plaintiffs sold considerable portions of the hay, both before and after the attachment; and, after the defendant had levied, on what remained, an execution issued against Coles in the action in which the attachment was made, made a demand upon the defendant, accompanied by a written statement of the balance due them on their mortgage, after adding the expenses of cutting and storing the hay, and deducting the amount of sales; notwithstanding which the defendant sold such remainder of the hay on the execution. One question of law submitted, the decision of which in favor of the defendant rendered the others immaterial, was, whether the plaintiffs had forfeited their right to make a demand upon the defendant, by selling a considerable portion of the hay after they knew of the attachment.

*I. Sumner*, for the defendant.

*J. D. Colt & C. N. Emerson*, for the plaintiffs.

THOMAS, J. The law permits the attachment of goods mortgaged. It gives to the mortgagee, when such attachment is made, a plain and adequate remedy, but it gives him but one.

The righ' of the mortgagee is to have his debt; the right of the attaching creditor to have the property, upon the payment of the debt, first, to repay the amount he has paid to the mortgagee, and secondly, to satisfy the judgment he may recover against the mortgagor.

The provisions of the statute and the course of proceeding under it are quite plain. Personal property subject to mortgage may be attached at the suit of the creditor of the mortgagor. But such attachment is not to affect the interest of the mortgagee in the property. The statute therefore requires that, upon demand of the mortgagee, the attaching creditor shall within ten days after the demand, pay or tender to the mort gagee the amount for which the property is liable. Rev. Sts. *c.* 90, § 78. *St.* 1844, *c.* 148, § 1. The mortgagee, when demanding payment of the money due to him, shall state, in writing, a just and true account of the demand, for which the property is liable to him. If the amount due is not paid or tendered within the ten days, the attachment is dissolved and the property restored to the mortgagee. Rev. Sts. *c.* 90, § 79. If the attaching creditor pays the amount due to the mortgagee, he is entitled to hold the goods, until the mortgagor shall have repaid to him the amount he has been compelled to pay for the redemption of the property; and this, though he fail to recover a judgment in the suit upon which the property has been attached. If he recovers judgment, the property is also held to respond to the judgment. §§ 80, 81, 82.

Under these provisions the respective rights of the parties are clear. The attaching creditor shall not have the goods, unless he pay the mortgagee; but if he pays, he shall have the goods to repay him and to satisfy his judgment. And he is to hold, for these purposes, not such part of the property mortgaged as the mortgagee shall elect, but the entire property.

The plaintiffs' mistake was in supposing that they might, after the attachment was made, sell part of the mortgaged property, credit the mortgage debt with the amount of such sales, and then make a demand upon the attaching creditor for the balance. They could not make such sale, because their right had not

as against the attaching creditor, been perfected by foreclosure, and because the property was in the custody of the law, under the attachment, and because the law had given them a plain and adequate remedy to secure their mortgage debt, but had limited them to that remedy. After such sale the mortgagee could not make a valid demand. The claim, which the mortgagee makes by the law is, Pay my debt and you shall have the property; if not paid within ten days, the property must be restored to me. The legal answer of the attaching creditor is, that he is ready and willing to pay, if he can have the property attached as security for what he pays, and to respond to his judgment, but not otherwise.

The only plausible reply to this is, that the attaching creditor must pay the mortgage debt, and resort to his action of trespass against the mortgagee for taking the property without right. But the mortgagee must do right, if he would have it. The law has given him a complete and exclusive remedy, and he must pursue it. It does not lie in his mouth to say, I have wrongfully taken half or more of the property attached, and sold it, but you must pay the whole sum due me, and look to another suit for redress. To sanction such a doctrine would be to render a valuable remedy of creditors useless.

It is suggested that the plaintiffs had an absolute interest in the property, to the extent of the labor and expense in gathering the crops; but it is very clear that this interest is but a lien, and within the very terms of *c.* 90, § 78 of the revised statutes, any personal property of a debtor that is subject to any mortgage, pledge or lien, and of which the debtor has the right of redemption, may be attached and held. *Award recommitted.*